### PRINCE v. STATE. (1 Div. 533.)

(Court of Appeals of Alabama. Dec. 18, 1923.)

1. Infants ⊜⇒16—Delinquent boy committed to detention school held not entitled to jury trial on appeal.

A boy, adjudged delinquent under Loc. Acts 1915, p. 118, § 9, in juvenile court, and committed to a boys' detention school, was not entitled to a jury trial on appeal to the county circuit court, where the statute did not provide it, nor did the court have authority to grant it

2. Jury ⊜⇒21(6) — Statutes creating juvenile courts not criminal.

Statutes creating courts having jurisdiction of juvenile offenders are in no sense criminal, and are not intended to provide punishment, but to save the child from becoming a criminal, and are constitutional, though they do not provide for jury trial.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Robert Prince was adjudged a juvenile delinquent, and appeals. Affirmed.

Chas. W. Tompkins, of Mobile, for appellant.

It was reversible error to deny to the defendant a trial by jury. Const. 1901, § 11; Acts 1915, p. 562; Acts 1919, p. 179.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The trial was had under the local act, which makes no provision for a jury trial. Loc. Acts 1915, p. 115. The constitutional requirement for trial by jury has no application to cases of this kind. Dowda v. State, 203 Ala. 441, 83 South. 324; 1 Wharton's Cr. L. (11th Ed.) 472, 475.

BRICKEN, P. J. This appellant was adjudged a delinquent in the juvenile court of Mobile county, and under the terms of the statute (Local Acts of Alabama 1915, p. 118, § 9), appealed to the circuit court of that county. He filed a demand for a jury trial in the circuit court, but the trial judge refused to allow him a trial by jury, and an exception was duly reserved to this action of the court. This ruling of the trial court in denying a trial by jury is the only question presented for consideration.

The statute in question does not provide for a jury trial on appeal, and in the absence of such statutory provision the court was under no duty to grant a jury trial, nor did the court have the authority so to do.

[1, 2] It has been generally held that statutes creating courts having jurisdiction of juvenile offenders are in no sense criminal, and are not intended to provide punishment, but the real purpose is to save the child from becoming a criminal. Macon v. Holloway, (Ala. App.) 96 South. 933.[1] Therefore these statutes are not violative of the Constitution, even though they do not provide for trial by jury. In other words, such statutes are not penal in their nature, and commitment under them to public institutions, such as the judgment here provides, "to the Boy's Detention School at Mobile, Ala.," is not in the nature of punishment. On this subject we note in 1 Wharton's Criminal Law (11th Ed.) p. 473:

"The provision of the statute is a provision by the state, under necessity, as parens patriæ, for the custody of neglected children, incorrigible, or criminally inclined children; and is intended to supply to them that parental custody and care and restraint which their welfare, and the interests of the state in the welfare of the children, require, which parental custody, or the parental right to the custody, the parents have for any reason surrendered or lost."

From what has been said, the only insistence of error, on this appeal, cannot be sustained.

Let the judgment of the lower court stand affirmed.

Affirmed.