17 So.2d 449
### Ex parte STATE ex rel. ECHOLS.
#### I Div. 207.
Supreme Court of Alabama.
March 23, 1944.

354

Granade & Granade, of Chatom, for relator.

Wm. N. McQueen, Acting Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for respondent.

BOULDIN, Justice.

This is an original proceeding in this court seeking a supervisory writ or writs, directed to Hon. Joe E. Pelham, as Judge of the First Judicial Circuit, relating to juvenile delinquency proceedings against the relator pursuant to juvenile court statutes, Title 13, §§ 350 to 383 of the Code.

█ Sam Echols, the relator, a boy over fourteen and under sixteen years of age, was arrested on a warrant issued by a justice of the peace on a charge of murder. The affidavit charged the murder of James Henry Reed, by shooting him with a gun. The warrant directed that the accused be brought before said justice, a committing magistrate. Having ascertained that the accused was a child under sixteen years of age, the justice addressed an order to Mrs. F. C. Turner, ex-officio Judge of the Juvenile Court, transferring the case, together with all the papers in the case, to her for final disposition.

This was the proper procedure to invest the juvenile court with jurisdiction of the cause. Says the statute (§ 363): "The juvenile court shall thereupon have jurisdiction of the cause and shall proceed to hear and determine the case so transferred to it, in the same manner as if the proceedings had been instituted in the juvenile court by petition as hereinbefore provided."

It is not necessary, nor contemplated, that a petition or other complaint be filed as was provided for by § 352, designed to institute delinquency proceedings and bring the child before the court. The papers transmitted by the magistrate become a part of the records of the juvenile court. § 363.

The judge of the juvenile court, the child and his attorney being present, proceeded to hear the evidence, found the child "a dependent, neglected, incorrigible male child" under sixteen years of age "and in need of the care and protection of the state," decreed him to be a ward of the state, and that he be "committed to the care and custody of the Superintendent of Boys Industrial School at Birmingham, Alabama, there to be and remain a charge thereof until he attains the age of twenty-one years or until further orders of this court."

The issue was delinquency vel non. The findings above noted conformed to one definition of a delinquent child, § 350.

Any child under sixteen years of age who commits a criminal homicide is, by the same section, declared a delinquent child. When tried and convicted of such crime, he may be sentenced to commitment to the Alabama Boys Industrial School, if deemed to the best interests of the child. Code, Title 52, § 595. This means a conviction on indictment and trial by jury for the criminal offense.

█ In juvenile delinquency proceedings evidence touching the alleged homicide is admissible, along with any other evidence, on the issue of juvenile delinquency only, and in aid of a proper decision touching the correctional and disciplinary measures authorized by law which should be decreed, having a primary regard for the best interest of the child. Code, Title 13, § 361.

The hearing was had and judgment dated June 30, 1943. On the following day, a notice of appeal, signed by the accused, and his attorneys was filed in the juvenile court, saying: "Now comes defendant and appeals from the decision and order of this Juvenile Court, to the Equity side of the Circuit Court of this County, and prays that he be allowed bail pending said appeal. Defendant demands a jury for the trial of the issues herein, in the Circuit Court of Washington County, Alabama.

An appeal bond for appearance in the circuit court was allowed and later approved. These proceedings constituted an appeal to the circuit court in equity, which court "shall try the case de novo and shall proceed, under and in pursuance of the intent and terms of this chapter, to render such judgment as to it shall seem just and for the best interests of the child." § 362. Such judgment is certified to the juvenile court and becomes the judgment of that court for future action, etc.

The proceedings in the juvenile court being certified to the circuit court, the cause was accordingly entered on the equity docket.

The instant proceeding prays a writ of prohibition against any proceedings in equity; or, if so, that a trial by jury be granted on such hearing. In the alternative, a mandamus is sought to transfer the case to the law docket, looking to an investigation of the homicide by the grand jury, and, if indicted, a trial before a jury on the issue of guilty or not guilty.

The writ of prohibition is sought upon the theory that before the entry of the decree above noted by the juvenile court, that court had made an order or decree transferring the cause to the circuit court for indictment and trial for the alleged offense pursuant to § 364. See Berry v. State, 209 Ala. 120, 95 So. 453; Powell v. State, 224 Ala. 540, 141 So. 201, 212.

This procedure is to be resorted to only when the juvenile court, "after thorough investigation or exercise of its disciplinary measures," "shall be convinced" the "delinquent child" "cannot be made to lead a correct life and cannot be properly disciplined under the provisions of this chapter." § 364.

Not now considering the proper course to be pursued in case a proper order had been entered, but not now of record, investing the circuit court with jurisdiction under § 364, we cannot, upon full consideration of the petition and exhibits, the answer of respondent and exhibits, the replication by the relator, and all testimony offered, hold other than that the cause is properly pending in the circuit court in equity on appeal for trial de novo under § 362.

■ Nor is the relator entitled to a trial by jury in the equity court. The statute does not contemplate a jury trial. There is no constitutional right to a trial by jury in such proceeding.

The ends sought and the procedure are statutory. The cause is now in the court, which, from time immemorial, has been invested with the exercise of powers of the state as parens patraie of infants, looking to their proper custody and welfare. It cannot be said that the inherent liberty of a child carries any immunity against discipline and control, looking to an environment, education and training aimed at the making of a law-abiding, self-respecting, self-sustaining, and respected citizen. The law creating the Alabama Boys Industrial School expressly declares: "Nothing in this chapter contained shall be construed to classify this school as a penal institution." Code, Title 52, § 585.

If the infant is tried and convicted of a crime, and then committed to the Boys Industrial School instead of imprisonment in a penal institution, such trial must, as of course, be in due course as in the case of any other citizen. But the case is different where the issue is one of delinquency, and the proper corrective measures for the good of the child, as well as society. Prince v. State, 19 Ala.App. 495, 98 So. 320; 38 Am.Jur. 804; 1 Wharton's Crim. Law (11th Ed.) 473.

Perhaps it is not amiss to stress the fact that all those charged with duties in connection with juvenile delinquency and corrective measures have a high and delicate responsibility. They should study and carefully observe the laws in their spirit and intent.

■ Attention is called in brief to the failure of the juvenile court to appoint a guardian ad litem to represent the infant on the hearing, notwithstanding attention was called to the need of a guardian ad litem at the time.

We are of opinion this case is within the terms of § 352(6), providing that in specified contingencies "the court must appoint a probation officer, or some other discreet person, to act as guardian ad litem, to represent the interests of such child, and such guardian ad litem shall be present at the hearing of said case to represent said child."

A guardian ad litem should have been appointed, and one should be appointed in the circuit court where the cause is pending to be tried de novo on appeal taken by the relator.

True, the infant was represented throughout by his attorney, rendering all the services for his client which a guardian ad litem could probably have rendered. But the law should be followed. To have an attorney representing the infant was entirely proper, may be a matter of right, especially where a pending prosecution for murder entered into the issue of juvenile delinquency. 31 Am.Jur. 803, § 36.

■ The statute, above quoted, vests in the court a discretion in the selection of some "discreet person" as guardian ad litem. However, in this regard, it is not amiss to follow the policy prescribed by our general guardian ad litem statute saying: "The court * * * shall in all cases select some person who is qualified to represent such infant * * * in the capacity of attorney or solicitor." Code, Title 7, § 177.

The writs of prohibition and mandamus are separately and severally denied.

Writs denied.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.