66 So.2d 460

## SIMS et ux. v. STATE DEPT. OF PUBLIC WELFARE et al.

### 5 Div. 547.

Supreme Court of Alabama.
June 30, 1953.

284

O. P. Lee, Opelika, for appellants.

Si Garrett, Atty. Gen., and Mary A. Lee, Asst. Atty. Gen., and J. Sydney Cook, Jr., Auburn, for appellees.

GOODWYN, Justice.

This is an appeal from a decree of the Circuit Court of Lee County, In Equity, adjudging three minor children under sixteen years of age to be wards of the state and awarding their control and custody to the State Department of Public Welfare. The proceedings are pursuant to Code 1940, Tit. 13, Chapter 7, §§ 350–383, providing for juvenile courts.

Submission was had on motion by appellee to dismiss the appeal and also on the merits in event the motion to dismiss should be denied. The motion to dismiss is based on the assertion that the appellants here, Mr. and Mrs. Will Sims, were not proper parties in the proceedings in the circuit court; and, therefore, cannot prosecute this appeal from that court's decree. We do not consider this a meritorious objection.

■ The petition required by Sect. 352, Tit. 13, addressed to the juvenile court, recities that the three children, Sammy Sims, Jr., Annie Ruth Sims, and Hilder Frances Sims, are six years, three years, and one year old, respectively, and are under the custody and control of their father and mother, Sammy Sims and Gussie Sims. The record shows only that Sammy and Gussie Sims were served with notice of the petition. The only other entry with reference to the proceedings in the juvenile court is the judgment of that court giving custody to the Welfare Department. Whether there were any other parties participating in the proceedings is not shown. Nor does the record disclose who initiated the appeal to the circuit court. However, the decree of the circuit court recites that "This cause is an appeal from the Juvenile Court of Lee County, Alabama, by Sammy Sims, Gussie Sims, Will Sims, and Mrs. Will Sims, appellants." The statute, Sect. 362, Tit. 13, provides that "Any party aggrieved may take an appeal" to the circuit court. Under the circumstances of this case, it is our view that Mr. and Mrs. Will Sims, the grandparents of these children, are "aggrieved parties" with the right to prosecute the appeal. As emphasis for this conclusion, we note that the hearing in the circuit court was had under a stipulation of the parties confining the issue to the sole question "as to whether Mr. and Mrs. Will Sims, the paternal grandparents of Sammy Sims and Annie Ruth Sims, are the proper persons to have the care, custody and control" of said children. This was a clear recognition that all the parties, including appellee, considered Mr. and Mrs. Will Sims to be "aggrieved parties" and proper participants in the proceedings. The motion to dismiss the appeal is overruled.

We note that the stipulation above referred to expressly provides that "the Welfare Department of the State of Alabama have the care, custody and control of Hilder Frances Sims." The appeal here, therefore, has reference only to the other two children.

■■ This is one of those unfortunate and tragic situations where parents are found to be unable or unwilling to provide proper care for their young children. And we pause here to comment that the offer by the grandparents to assume the responsibility for the care of these children, and their effort to secure the custody of them, are no doubt the expressions of a natural love and devotion. But such hopeful desire and willingness are not to be taken as the determining factors in awarding custody of these children. The paramount and controlling consideration in this case, as in all

custody cases, is the welfare and best interests of the children. The trial judge concluded that their best interests would be served by placing them under the guardianship of the state. The testimony of the witnesses was taken orally before him, thereby giving him an opportunity for personal observation, which we do not have. In such circumstances, this court has followed a consistent policy of not disturbing the trial judge's conclusion on the facts, unless his decree is palpably wrong. Meares v. Meares, 256 Ala. 596, 600, 56 So.2d 661; Meadows v. Hulsey, 246 Ala. 261, 262, 20 So.2d 526.

No good purpose would be served by detailing the evidence. We have carefully examined and considered the evidence and the helpful briefs of counsel. We are not willing to say that the decree of the trial judge is erroneous. It is, therefore, affirmed.

Motion to dismiss overruled.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.