176 So.2d 497

**Ricky Sanders DUCK**

v.

**STATE of Alabama.**

**5 Div. 796.**

Supreme Court of Alabama.

June 17, 1965.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

Tom Radney, Alexander City, for appellant.

GOODWYN, Justice.

Appellant, 14 years of age (born on August 20, 1949), was brought before the Juvenile Court of Tallapoosa County pursuant to a petition of the sheriff of said county filed in said court on January 3, 1964, praying that "summons issue to the said child" and to his parents "requiring them to show cause why said child should not be adjudged a ward of the state and dealt with according to the provisions of the law." The petition alleges that "said child should be adjudged a ward of the state and in need of its care and protection, in that he so deports himself, to endanger the morals, health or general welfare of society"; and, further, "that on the night of January 2, 1964, said child * * * shot to death his sister, Glenda Duck," and "has confessed to this offense."

On April 24, 1964, the Juvenile Court made a finding that appellant "cannot be made to lead a correct life and cannot be properly disciplined under the provisions of" Chapter 7, Tit. 13, Code 1940 (providing for, and prescribing the jurisdiction of, juvenile courts), and transferred appellant "to the

jurisdiction of the Circuit Court of Tallapoosa County, the same being a Court having jurisdiction of the offense with which the said child is charged, there to be proceeded against according to law."

On the same day appellant took an appeal from said judgment to the circuit court of Tallapoosa County, sitting as a court of equity, pursuant to Code 1940, Tit. 13, § 362. This section provides for a trial de novo in the circuit court.

On May 4th the equity court appointed, as guardian ad litem for appellant, the attorney who theretofore had been representing him.

A hearing of the appeal was had on June 18th. On July 2nd, the court rendered a decree that appellant be "transferred to the Circuit Court of Tallapoosa County, Alabama, at law, there to be placed upon the criminal docket of said court and there to be proceeded with according to law"; that appellant "be and he is hereby bound over to the Grand Jury of Tallapoosa County"; and that appellant's bail bond shall remain in full force and effect pending the action of said Grand Jury." This appeal, taken on July 6th, is from that decree.

The statute of primary interest in this proceeding is Code 1940, Tit. 13, § 364, which provides, in pertinent part, as follows:

> "If, at any time, after thorough investigation or exercise of its disciplinary measures, the juvenile court or judge thereof shall be convinced that a delinquent child, more than fourteen years of age, brought before it under the terms of this chapter cannot be made to lead a correct life and cannot be properly disciplined under the provisions of this chapter, the juvenile court or judge thereof shall have authority to transfer the care of such delinquent to the jurisdiction of any other court in the county having jurisdiction of the offense with which said child is charged, there to be proceeded against according to law. * * *"

■ The foregoing was applicable both in the Juvenile Court and in the Equity Court. See: Stapler v. State, 273 Ala. 358, 363, 141 So.2d 181; Code 1940, Tit. 13, §. 362, supra. Section 362 provides that, "[U]pon appeal, the circuit court shall try the case de novo and shall proceed, under and in pursuance of the intent and terms of this chapter, to render such judgment as to it shall seem just and for the best interests of the child."

The decisive question on this appeal is whether the evidence supports the decree appealed from. In other words, does the evidence support the finding that appellant "cannot be made to lead a correct life and cannot be properly disciplined under the provisions of this chapter" (Code 1940, Chapter 7, Tit. 13, §§ 350–383, as amended)?

The evidence relied on to support the decree consists of the alleged crime, appellant's confession that he committed the crime, and testimony of the judge of the Juvenile Court. All of the other evidence, including that given by two psychiatrists and a psychologist from Bryce's Hospital, where appellant was under observation for several months, and that of a number of other witnesses having knowledge of appellant's past behavior, is clearly to the effect that appellant can "be made to lead a correct life."

■ Our view is that the competent and legal evidence (see Act No. 101, appvd. June 8, 1943, Gen.Acts 1943, p. 105; included in unofficial Recompiled Code 1958 as § 372(1), Tit. 7) is not sufficient to support the decree appealed from, thereby necessitating its reversal and the remandment of the cause to the circuit court.

It has been held that evidence concerning the alleged crime is relevant only on the issue of delinquency, which means that such evidence cannot alone be the basis for holding that a child found to be delinquent cannot "be made to lead a correct life." See: Guenther v. State, 3 Div. 58, Ala.Sup. (MS) (May 27, 1965); Ex parte State ex rel.

Echols, 245 Ala. 353, 355, 17 So.2d 449. From Echols is the following:

"In juvenile delinquency proceedings evidence touching the alleged homicide is admissible, along with any other evidence, on the issue of juvenile delinquency only, and in aid of a proper decision touching the correctional and disciplinary measures authorized by law which should be decreed, having a primary regard for the best interest of the child. Code, Title 13, § 361."

This means that evidence touching on the alleged crime is to be considered only in determining whether the child is a "delinquent child," as that term is defined in § 350(3), Tit. 13, Code 1940, so as to make him subject to commitment under the provisions of § 361, Tit. 13, Code 1940. Such evidence cannot be considered in determining whether the child "can be made to lead a correct life," that is, in deciding whether he should be transferred "to the jurisdiction of any other court in the county having jurisdiction of the offense with which the child is charged, there to be proceeded against according to law" (§ 364, Tit. 13, Code 1940).

Assuming, without deciding, that appellant voluntarily admitted the offense, such admission likewise would not be relevant on the question whether he can "be made to lead a correct life."

The judge of the Juvenile Court was called as a witness by the state. His testimony related to his decision and his reasons for it. It was not proper to consider such testimony. Code 1940, Tit. 13, §§ 362 (providing that "[u]pon appeal, the circuit court shall try the case de novo * * *"), 364 (providing that "[i]n the trial in the court to which transfer is made, neither the fact that the case has been transferred from the juvenile court nor any of the proceedings had in the juvenile court shall be given in evidence against the child"), 377 (providing that "[n]o disposition of the case of a child dealt with for delinquency under this chapter * * * shall be given or heard in any

civil, criminal, or other cause or proceeding whatever, or in any other court," or "be lawful, or proper evidence against such child or parent, or parents, for any purpose; * * *"). There is no doubt, from a consideration of the trial court's opinion written as a prelude to its decree, that the testimony of the judge of the Juvenile Court was given considerable weight. As there stated:

"* * * On April 24, 1964 the Judge of the Juvenile Court, Hon. Charles C. Adams, determined that the Appellant 'cannot be made to lead a correct life and cannot be properly disciplined under the provisions of Chapter 7, Title 13, Alabama Code of 1940.' * * *"

*    *    *    *    *    *

"In his judgment or decree of April 24, 1964, Charles C. Adams, Juvenile Judge of Tallapoosa County, Alabama, stated his Court had made a 'thorough investigation and study of the investigation conducted by the Department of Pensions and Security, law enforcement officials of the County and State, together with the report from Bryce's Hospital received by the Court on April 23, 1964', etc. While the decision of this Court (Circuit Court) is based solely on the testimony adduced before this Court in a de novo hearing on June 18, 1964, this Court feels that it should state that it is personally acquainted with the Hon. Charles C. Adams, the Juvenile Judge of Tallapoosa County, Alabama, and knows that Judge Adams is most conscientious in the performance of his duties as the Juvenile Judge, and being a long-time resident of Tallapoosa County, is doubtless in a better position to investigate matters of this kind occurring in his county (Tallapoosa County) than the undersigned Judge, who resides in Lee County. Judge Adams testified at the hearing before this Court on June 18, 1964 and it is his opinion as shown by his decree of April 24, 1964 that the Appellant 'cannot be made to lead a correct life and cannot be properly disciplined' under the provisions of

**142**

the law relating to juvenile criminals. This Court feels that Judge Adams would not have reached this decision unless he had made a thorough, conscientious, personal and private investigation before doing so."

█ In order to transfer the cause to the circuit court at law, there must have been legal evidence sufficient to support a finding that the minor "cannot be made to lead a correct life and cannot be properly disciplined under the provisions" of Chapter 7, Tit. 13, § 350 et seq., providing for juvenile courts. We find no such evidence in the record before us. "A finding, which requires evidence to support it, but which is not supported by evidence, cannot be allowed to stand." Stapler v. State, supra.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.