188 So.2d 594

Carl Francis GUENTHER

v.

STATE of Alabama.

3 Div. 58.

Supreme Court of Alabama.

May 27, 1965.

Opinion Extended on Denial of Rehearing

July 14, 1966.

Crenshaw, Wright, Long & Franco, Montgomery, for appellant.

Richmond M. Flowers, Atty. Gen., and Peter M. Lind, Sp. Asst. Atty. Gen., for the State.

LIVINGSTON, Chief Justice.

Carl Francis Guenther was charged with robbery by a warrant and affidavit filed in the Court of Common Pleas of Montgomery County, Alabama. Upon determining that Guenther was 17 years of age, the Court of Common Pleas transferred the case to the Domestic Relations Division of the Circuit Court.

This appeal is from a decree of the Juvenile Section of the Domestic Relations Division of the Circuit Court of Montgomery County, Alabama, finding appellant, Carl Francis Guenther, age 17, could not be made to lead a correct life and could not be properly disciplined under the provisions of Sec. 364, Title 13, Code of Alabama 1940, and was incorrigible as defined in said section, and from an order transferring the cause to the jurisdiction of the Court of Common Pleas of Montgomery County, Alabama, to be proceeded against according to law as an adult.

In his assignments of error, appellant contended that the court below erred in allowing testimony concerning the alleged crime which was the basis of the arrest, and in finding that appellant could not be made to lead a correct life, and could not be properly disciplined under the provisions of Section 364, Title 13, Code of Alabama 1940, and in finding that appellant was incorrigible. However, in his brief, appellant recognizes the applicability of Sec. 372(1), Title 7, Code of Alabama 1940, to this case, and, in effect, waives assignment of error No. 5, which assigned as error the admittance of evidence relative to the alleged robbery.

The appellant's other contention is that the court erred in finding Guenther incorrigible and transferring the case to the Court of Common Pleas of Montgomery County, Alabama, to be tried according to law. This transferral is authorized by Sec. 364, Title 13, supra, which reads, in pertinent part, as follows:

"§ 364. Transfer from the juvenile court.—If, at any time, after thorough investigation or exercise of its disciplinary measures, the juvenile court or judge thereof shall be convinced that a delinquent child, more than fourteen years of age, brought before it under the terms of this chapter cannot be made to lead a correct life and cannot be properly disciplined under the provisions of this chapter, the juvenile court or judge thereof shall have authority to transfer the care of such delinquent to the jurisdiction of any other court in the county having jurisdiction of the offense with which said child is charged, there to be proceeded against according to law. * * *"

As stated in appellant's brief:

"The sole issue herein involved is: Under the testimony and evidence as was relevant, material, competent and legal, was the trial judge in error in finding that Carl Francis Guenther could not be made to lead a correct life and could not be properly disciplined under the provisions of Chapter 7, Title 13, Code of Alabama 1940, as amended."

The appellee contends that the finding of the lower court, sitting in equity, with reference to the delinquency of a minor is not revisable by the Supreme Court in the absence of a clear abuse of discretion.

■ We cannot agree with appellee that the transferral under Sec. 364, supra, is a discretionary matter. This same contention was made in Stapler v. State, 273 Ala. 358, 141 So.2d 181. There, this Court, in reviewing Sec. 364, stated:

"Appellant recognizes the rule of review that the appellate court will

not reverse a decree rendered on testimony heard ore tenus by the trial court unless the decree is palpably wrong. Appellant insists, however, that a consideration of the evidence in the record shows that the decree is palpably wrong.

"Appellee replies that the finding of the equity court, with reference to the delinquency of a minor, is not revisable by the Supreme Court in the absence of a clear abuse of discretion, citing Berry v. State, 209 Ala. 120, 95 So. 453; and Sims v. State Dept. of Public Welfare, 259 Ala. 283, 66 So.2d 460. We do not think that either case supports appellee's proposition, as we hereinafter undertake to show.

"The correct determination of the power of the juvenile court, and our duty on appeal, must be determined from an examination of the statute."

Then followed a historical review of Sec. 364, supra, and an interpretation of the meaning, with the conclusion that:

"In the light of the foregoing authorities, we are of opinion that the juvenile court could transfer the prosecution of the minor to the circuit court in the instant case only after a thorough investigation and a finding supported by proof that the minor cannot be made to lead a correct life and cannot be properly disciplined under the provisions of the juvenile statute."

We see no point in repeating here what was so recently said in the Stapler case, supra, as to the interpretation of Sec. 364, supra.

The question then is whether or not the juvenile court judge made a thorough investigation and made a finding supported by proof that Carl Francis Guenther could not be made to lead a correct life and could not be properly disciplined under the provisions of the juvenile statute.

It would add nothing to this opinion to recite the evidence. Suffice it to say, we have given it our most careful consideration. We feel that the court made a thorough investigation under the facts of this case. Although the court was not able to conduct a complete investigation of the home and environment of the appellant due to the fact that appellant is from Michigan, the court did have the testimony of acquaintances of appellant; a report of the Port Huron, Michigan, Probation Officer and Juvenile Judge; testimony in regard to the crime of which appellant is accused. This testimony, contrary to the contention of appellant, is admissible on the issue that was before the court, the only condition being that the crime be connected to the child in question. The case of Stapler v. State, supra, in fact, states that such testimony is relevant at a hearing like the one below only for the purpose of determining delinquency. We feel that under the facts outlined above, this constituted a thorough investigation.

As to the findings of the court, it is to be noted that testimony was taken orally before the trial judge. In such circumstances, this court has followed a consistent policy of not disturbing the trial judge's conclusion on the facts unless his decree is palpably wrong. Meares v. Meares, 256 Ala. 596, 56 So.2d 661; Meadows v. Hulsey, 246 Ala. 261, 20 So.2d 526.

In Meares v. Meares, supra, the court said:

"* * *. As stated in the Sneed Case, supra [248 Ala. 88, 26 So.2d (561) 562], 'The personal contact of the trial court with the litigants and the witnesses gives the trial court an opportunity for personal observation which we do not have, and which accounts for the presumption we accord to its decrees. * * *.'"

The judge below had the accused before him, he observed his demeanor, and he heard the testimony relative to the

alleged robbery. He thereupon determined that the appellant was not correctable through the juvenile court and that he should stand trial as an adult as provided by Sec. 364, Title 13, supra. We cannot say that this finding was contrary to the great weight of the evidence or that it was palpably wrong. We, therefore, affirm the decision of the court below and order that Guenther stand trial as an adult for the charged crime.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.

## ON REHEARING

On rehearing, the appellant insists that the trial judge erred in considering evidence in regard to the crime of which appellant is accused in determining the issue that the minor cannot be made to lead a correct life and cannot possibly be disciplined under the provisions of the juvenile statute, and that there is no evidence in the record to support the order of the trial judge, nor the order of affirmance by the Supreme Court.

It is true that some of the language used in our cases is a bit confusing, but when read in proper context on the issues involved in each case, we think the language used is plain enough.

Ex parte State ex rel. Echols, 245 Ala. 353, 17 So.2d 449, was an original proceeding by the state on relation of Sam Echols, a minor, by his next friend, Alice Echols, for a writ of prohibition to Joe M. Pelham, Jr., as Judge of the First Judicial Circuit, against proceedings in equity on appeal to the circuit court from an order of the juvenile court committing relator to the care and custody of the Superintendent of the Boys' Industrial School as an incorrigible child, or for a writ of mandamus to transfer the case to the law docket.

The writs were separately and severally denied. It was there said:

"In juvenile delinquency proceedings evidence touching the alleged homicide is admissible, along with any other evidence, on the issue of juvenile delinquency *only,* and in aid of a proper decision touching the correctional and disciplinary measures authorized by law which should be decreed, having a primary regard for the best interest of the child. Code, Title 13, § 361. (Emphasis supplied.)

\* \* \* \* \* \*

"The instant proceeding prays a writ of prohibition against any proceedings in equity; or, if so, that a trial by jury be granted on such hearing. In the alternative, a mandamus is sought to transfer the case to the law docket, looking to an investigation of the homicide by the grand jury, and, if indicted, a trial before a jury on the issue of guilty or not guilty.

"The writ of prohibition is sought upon the theory that before the entry of the decree above noted by the juvenile court, that court had made an order or decree transferring the cause to the circuit court for indictment and trial for the alleged offense pursuant to § 364. See Berry v. State, 209 Ala. 120, 95 So. 453; Powell v. State, 224 Ala. 540, 141 So. 201, 212.

\* \* \* \* \* \*

"Not now considering the proper course to be pursued in case a proper order had been entered, but not now of record, investing the circuit court with jurisdiction under § 364, we cannot, upon full consideration of the petition and exhibits, the answer of respondent and exhibits, the replication by the relator, and all testimony offered, hold other than that the cause is properly pending in the circuit court in equity on appeal for trial de novo under § 362.

\* \* \* \* \* \*

"If the infant is tried and convicted of a crime, and then committed to the Boys Industrial School instead of imprisonment in a penal institution, such trial must, as of course, be in due course as in the

case of any other citizen. But the case is different where the issue is one of delinquency, and the proper corrective measures for the good of the child, as well as society. Prince v. State, 19 Ala. App. 495, 98 So. 320; 38 Am.Jur. 804 [sic]; 1 Wharton's Crim.Law (11th Ed.) 473."

The use of the word "only," emphasized above, means that where the issue presented is *only* that of juvenile delinquency, evidence touching the alleged homicide is admissible. And, in the Echols case, supra, the court was discussing not only juvenile delinquency vel non but the issue touching the correctional and disciplinary measures authorized by law in such cases. Title 13, Sec. 361, Code 1940. Section 362 contemplates an appeal to the circuit court, in equity, where the issues involved are tried de novo.

In the instant case, there were two issues before the juvenile court, i. e., the issue of delinquency vel non, and also the issue of the corrigibility, or incorrigibility, of the infant. On appeal to the circuit court, in equity, these two issues are tried de novo. On the trial in equity, after appeal from the juvenile court, these two issues will be before the trial court, and the evidence touching the commission of the crime is admissible on both issues, and the juvenile court was not in error in admitting this evidence. When so considered, there was ample evidence to support the finding of the juvenile court on both issues. The cases of Stabler v. State, 273 Ala. 358, 141 So.2d 181, and Duck v. State, 278 Ala. 138, 176 So.2d 497, in so far as they conflict with what we have said above are hereby overruled.

Opinion extended and application for rehearing overruled.

LAWSON, SIMPSON, MERRILL and HARWOOD, JJ., concur.

GOODWYN and COLEMAN, JJ., dissent.