238 So.2d 542

Darryl **RUDOLPH**

v.

**STATE of Alabama.**

I Div. 631.

Supreme Court of Alabama.

Aug. 6, 1970.

James D. Sullivan, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Charles H. Barnes, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

Three petitions were filed in the Juvenile Court of Mobile County charging appellant, a boy of 15, with various acts of delinquency, including commission of the crimes of arson, burglary and grand larceny. A hearing was held in the Juvenile Court on these petitions and that court determined that the complaints were true and committed the appellant to the Alabama Industrial School for Negro Children.

Thereupon the appellant appealed to the Circuit Court of Mobile County, in Equity, under the provisions of Title 13, § 362. This statute provides that such appeals are preferred cases in the Equity Court, directs a trial de novo and gives the Chancellor directions to enter such judgment as shall seem just and for the best interests of the child.

From start to finish, the case was handled as a criminal prosecution for the felonies of grand larceny, arson, and burglary. Seven witnesses testified on behalf of the prosecution. At the conclusion of this evidence, the defendant moved to exclude the evidence, which motion was denied, and the court, noting, "This case is no different than any other", entered a decree in part as follows:

"* * * it is ORDERED, ADJUDGED AND DECREED by the Court that the appeal de nova [sic] from Juvenile Court, Mobile County, Alabama, in this cause, be, and hereby is, denied, and that the defendant Darryl Rudolph, be, and hereby is, found guilty of arson and burgulary [sic] and hereby remands said child to the jurisdiction of the Juvenile Court for supervision and care under the terms of the judgment of the Circuit Court to be committed to the Alabama Industrial School at Mt. Meggs

[sic], Alabama, for a period of not more than two (2) years."

This appeal is from that decree, appellant stating in brief that "Appellant was convicted of the crimes of arson and burglary. From the judgment of guilty Appellant appeals."

These proceedings violate the very principles upon which the statutes establishing the juvenile court system in Alabama were founded. As noted by Judge Edward McLaughlin and Professor Clinton McGee in the Alabama Law Review, "The theory is that a child who has run afoul of the law, if under the statutory age, lacks the otherwise necessary criminal intent and should not be tried as a criminal in a criminal court and under ordinary criminal proceedings but should have his case heard in a special court of equity." Juvenile Court Procedure, 17 Ala.Law Rev. 226.

The statutes themselves provide that the child in a case such as this is not a criminal and acquires no criminal record, stating, "No child shall be denominated nor held to be a criminal by reason of any such adjudication [by the Juvenile Court or the Equity Court in a trial de novo], nor shall such adjudication be held to be or denominated a conviction". Title 13, § 378.

In this case, a boy of 15 was adjudicated a delinquent in the Juvenile Court. He appealed from that adjudication to the Circuit Court, in Equity. It is glaringly apparent that that court misunderstood its role and proceeded to prosecute the child for the crimes of arson, burglary and grand larceny.

■ The issues properly before the Equity Court in an appeal de novo from the Juvenile Court obviously are the same issues which were before the Juvenile Court. The very word de novo itself means anew, afresh, trying anew the matters involved in the original hearing as if they had not been heard before and as if no decision had been previously entered.—Ballentine's Law Dictionary, 3rd Ed.

Under our statute (Title 13, § 354) the proceedings in the Juvenile Court are had to determine whether the child so charged has committed the unlawful acts alleged in the petition. If the Juvenile Court so finds, then it

"* * * may take testimony for the purpose of inquiring into the habits, surroundings, conditions * * * in order to enable the court to determine whether such child is * * * delinquent, and * * * what order or judgment will best conserve the welfare of the child * * *."

Title 13, § 362 provides that any party aggrieved by the judgment entered by the Juvenile Court may appeal from the judgment and that

* * * All appeals under this chapter shall take precedence over all other business of the court to which the appeal is taken. Upon appeal, the circuit court shall try the case de novo and *shall proceed, under and in pursuance of the intent and terms of this chapter,* to render such judgment as to it shall seem just and for the best interests of the child."

Surely the very terms of the statute itself, not to mention other principles which preclude it, foreclose a prosecution in the Equity Court for felonies charged in the petitions filed with the Juvenile Court.

■ We have provisions in our legislation setting up the juvenile court system in this state whereby minors over 14 may be transferred from Juvenile Court and tried in the court having jurisdiction over the offense with which the child is charged. (Title 13, § 364.) Before that may be done, and before such child may be subjected to criminal prosecution like an adult, the court must first decide whether the child is a delinquent child. As noted in Seagroves v. State, 279 Ala. 621, 189 So.2d 137:

"If the state fail to prove by competent evidence that the defendant is delinquent, then the case would appear to be at an end.

"Second, the court must decide, after thorough investigation or exercise of its disciplinary measures, whether the child can be made to lead a correct life and can be properly disciplined under the provisions of Chapter 7, Title 13."

Only after these questions are decided may a child be transferred to the proper court for a criminal prosecution. See also Guenther v. State, 279 Ala. 596, 188 So.2d 594; Stapler v. State, 273 Ala. 358, 141 So.2d 181; Duck v. State, 278 Ala. 138, 176 So.2d 497.

This case was not a transfer case. Obviously the Juvenile Court concluded that this child could be disciplined under the provisions of Chapter 7, Title 13. It also concluded that he was delinquent. He sought, and is entitled to, a trial in the equity court on this latter issue. For failure to afford such a trial, it follows that this case must be reversed and remanded for that purpose.

Reversed and remanded.

LIVINGSTON, C. J., and COLEMAN, BLOODWORTH and McCALL, JJ., concur.