263 So.2d 137

**Ex parte STATE of Alabama ex rel. Fred B. SIMPSON, as District Attorney, Twenty-Third Judicial Circuit, Madison County, Alabama.**

**8 Div. 473.**

Supreme Court of Alabama.

June 1, 1972.

Cecil Wayne Morris, Asst. Dist. Atty., for the 23rd Judicial Circuit, Huntsville, for petitioner.

**536**

Price & Kempaner, Hunstville, for respondent.

McCALL, Justice.

The State of Alabama, on the relation of the district attorney for the Twenty-Third Judicial Circuit of Alabama (Madison County), petitions this court to issue a writ of prohibition, mandamus, or other appropriate remedial writ to the judge of the Family Relations Division of the Circuit Court of Madison County, Alabama, to prevent him from impaneling a jury to try the issue of the delinquency vel non of nine juveniles, none of whom has been declared an incorrigible.

The juveniles were arrested for drug related offenses, and have been charged with being juvenile delinquents. They, individually, have moved the juvenile court to grant them jury trials. The court granted their motions and placed the cases on the jury trial docket. The district attorney then filed his application for a writ of prohibition. We issued a rule nisi to the judge to show cause why he should not be prohibited from proceeding further with jury trials for the sole purpose of determining delinquency in the juvenile proceedings presently pending or in any further juvenile case. The defendant filed his answer, and we now consider the question involved.

The family court in the instant case was established by, and operates under the provisions of Act No. 1878, Acts of the Legislature of Alabama, Regular Session, 1971, approved September 20, 1971. Section 8 of the Act directs that proceedings in the hearing of cases of delinquent children shall be in conformity with the provisions of Chapter 7 of Title 13, Code of Alabama, 1940, except as otherwise provided. Title 13, § 351 of the Code states that the juvenile court shall have power to determine the question of the delinquency of any child and to make and enter such judgment and orders as will properly conserve and protect the welfare and best interests of the child.

In determining the issue of delinquency, the judge may hear " * * * testimony for the purpose of inquiring into the habits, surroundings, conditions, tendencies, and guardianship of the child * * *." Title 13, § 354, Code of Alabama, 1940. Such testimony will, in many cases, produce doubtful or controverted issues of fact.

Our examination of Chapter 7, Title 13 of the Code discloses no express statutory provision that authorizes accused juveniles to demand a trial by jury as a matter of right on the issue of their delinquency vel non.

In Ex parte State ex rel. Echols, 245 Ala. 353, 17 So.2d 449, the issue was the delinquency vel non of the child. On appeal to the circuit court in equity from a judgment

of the juvenile court finding him "* * * 'a dependent, neglected, incorrigible male child' * * *" the child demanded a jury trial. His motion was denied. In affirming the Supreme Court said:

> "Nor is the relator entitled to a trial by jury in the equity court. The statute does not contemplate a jury trial. There is no constitutional right to a trial by jury in such proceeding."

The proceedings under the provisions of Chapter 7 of Title 13 are not criminal. See Title 13, § 378.

The United States Supreme Court, in McKeiver v. Pennsylvania, 403 U.S. 528, 548, 91 S.Ct. 1976, 1987, 29 L.Ed.2d 647, 662, held that a trial by jury is not constitutionally required in the adjudicatory phase of a state juvenile court delinquency proceeding, but observed:

> "There is, of course, nothing to prevent a juvenile court judge, in a particular case where he feels the need, or when the need is demonstrated, from using an advisory jury."

The question to be decided is whether a juvenile court may, in its discretion, grant a juvenile's motion for a jury trial in a delinquency proceeding under Chapter 7 of Title 13, Code of Alabama, 1940, even though such person enjoys no constitutional or statutory right to demand a jury trial. We conclude the answer must be in the affirmative.

Title 13, § 351, Code of Alabama, 1940, provides in part:

> "* * * *The juvenile court shall have power*, under the terms of this chapter, *to determine the question of the* dependency, neglect or *delinquency of any child*, * * * *the court*, as to such dependent, neglected, and delinquent children, *shall have and exercise the* jurisdiction and *power possessed by equity courts in this state;* * * *"* (Emphasis added)

It is well settled in this state, that where trials by jury are not a matter of right, a chancellor, in equity, when he must decide doubtful or controverted issues of fact, may in his discretion call for the verdict of a jury. Lucas v. Scott, 247 Ala. 183, 24 So.2d 540; Ex parte Colvert, 188 Ala. 650, 65 So. 964; Adams v. Munter & Brother, 74 Ala. 338. However, such a verdict is advisory merely, and for the purpose of "enlightening the conscience of the chancellor." He may, in his discretion, reject the verdict. Tuscaloosa County v. Shamblin, 233 Ala. 6, 169 So. 234; Hill v. Lindsey, 223 Ala. 550, 137 So. 395; Alabama, Tenn. & No. Ry. Co. v. Aliceville Lumber Co., 199 Ala. 391, 74 So. 441. In such instances the chancellor is allowed the "* * 'utmost discretion in making or refusing' the order submitting the issue of fact to a jury. * * *." Alabama, Tenn. & No. Ry. Co. v. Aliceville Lumber Co., supra at 403, 74 So. at 446; Kennedy's Heirs v. Kennedy's Heirs, 2 Ala. 571; Alexander v. Alexander, 5 Ala. 517; Johnston v. Hainesworth's Heirs, 6 Ala. 443; Atwood v. Smith, 11 Ala. 894; Adams v. Munter & Brother, 74 Ala. 338; Rice v. Tobias, 83 Ala. 348, 3 So. 670; Mathews v. Forniss, 91 Ala. 157, 8 So. 661; Norwood v. Louisville & N. RR. Co., 149 Ala. 151, 42 So. 683; Stallworth v. Brown, 155 Ala. 217, 46 So. 467; Ex parte Colvert, 188 Ala. 650, 65 So. 964.

Since Title 13, § 351, Code of Alabama, 1940, and Section 8 of Act No. 1878, Acts of the Legislature of Alabama, Regular Session, 1971, approved September 20, 1971, vest the powers of an equity court in the Family Relations Division of the Madison County Circuit Court, we think that court has the power to provide for a jury trial in a juvenile delinquency proceeding and to consider the verdict as being only advisory. That discretionary power to invoke a jury's assistance should be exercised only in situations where the court is satisfied that a jury's advice will be helpful toward a just disposition of the adjudication of delinquency. When a jury is utilized, the court must continue to protect the accused from undue public attention. Title 13, §§ 353, 354.

**538**

In view of the foregoing, the application for the writs are due to be denied.

Writs denied.

HEFLIN, C. J., and COLEMAN, BLOODWORTH and MADDOX, JJ., concur.