266 So.2d 746

**Donald STEELE**

v.

**STATE of Alabama.**

**3 Div. 518.**

Supreme Court of Alabama.

Sept. 14, 1972.

Gray, Seay & Langford, Montgomery, for appellant.

No brief from State.

PER CURIAM.

Appellant, a minor 17 years of age, appeals from an order of the Family Relations Division of the Circuit Court of Montgomery County that transferred a

case against appellant to the jurisdiction of the Municipal Court of Montgomery, Alabama, wherein the cause originated.

This appeal is authorized by Act No. 250, approved October 1, 1959, General Acts of 1959, p. 810. This Act created a Family Relations Division of the Circuit Court of Montgomery County, which falls within the population spread of said Act. Act No. 100, approved July 31, 1967, General Acts of 1967, p. 438, amends the original Act No. 250, supra. Act No. 250 provides in Section 7, as follows:

"*  *  * Appeals from the decisions and orders of the judge of the family relations division of the circuit court shall lie directly to the Supreme Court of Alabama or Court of Appeals in the same manner as appeals from the orders and decisions of other circuit judges of the State of Alabama."

The original affidavit of the complaining witness, an adult female, filed in the Municipal Court, charged that appellant-defendant

"*  *  * did forcibly or unlawfully, confine, inveigle or intice (sic) (affiant) with intent to cause her to be secretly confined or imprisioned (sic) against her will and against the Peace and Dignity of the State of Alabama.

"(Ref. Title 14, Section 6, State Code of Alabama.)"

The municipal judge caused a warrant of arrest to issue and be served on defendant for the offense of kidnapping. The affidavit and warrant of arrest ultimately found lodgment in the Family Relations Division of the Circuit Court where the evidence was heard so far as the same was relevant to the delinquency and infancy of the defendant.

The circuit judge presiding over the family relations division, after hearing the evidence and a favorable report of the Youth Counselor of that court, determined and issued an order on March 30, 1972, as follows:

"This cause coming on to be heard, and the said Donald Steele being present in Court, and the Court having heard the evidence, and it appearing to the Court that the said Donald Steele is a child under 18 years of age, to-wit: the age of 17 years, and after a thorough investigation, it further appearing to the Court that the said Donald Steele cannot be properly disciplined under the provisions of Section 364, Title 13, Code of the State of Alabama, 1940, as amended, and is incorrigible as defined in said section, or where the Court deems it contrary to the best interest of the public to retain jurisdiction; this cause is, therefore, transferred to the jurisdiction of the Municipal Court of the City of Montgomery, Alabama, to be proceeded according to law, and said Donald Steele is hereby committed to the custody of the Warden of the City Jail of the City of Montgomery, Alabama until the order of said Court."

Affiant, the female adult who signed the affidavit leading to the issuance of the warrant of arrest, testified against the defendant. Omitting many details, it appears from the evidence that the witness was approached by defendant as she was alighting from her automobile across the street from her apartment in the City of Montgomery, about midnight, March 15, 16, 1972. She testified that on the occasion appellant intimidated her by force and threats and compelled her against her will to re-occupy her automobile from which she had just alighted. This occurred at the apartment where she lived. After such re-occupancy at gun point in the hands of defendant, the witness, in obedience to another order which defendant uttered, "scooted" over to the other seat and defendant thereupon got in and drove the automobile. After driving around in the city, defendant, when they reached Clayton Street, pulled up beside an automobile that was parked. Another man at the instruction of defendant, followed them in the previously parked automobile. After further circuitous driving, the other man got in the automobile occupied by the

witness and defendant. Enroute they switched drivers. They drove to a gravel pit near Dannelly Field where defendant had sexual intercourse with her against her will. Witness testified that he raped her.

As stated above, we have omitted some of the details of the ride. The brief testimony to which we have alluded is sufficient to present the evidence relevant to the charge of kidnapping, and also the accusation of rape. There was considerable direct and cross examination that adduced other relevant evidence. The defendant did not take the stand, nor was there any other evidence except the Youth Counselor, connected with the court, who testified that he had investigated defendant's record which was negative. The report was favorable to defendant.

Defendant-appellant contends that the order of transfer was erroneous, (1) because it failed to make a prior determination of delinquency, (2) after delinquency is found to exist, the court must make inquiry into the incorrigibility vel non of the child, (3) that the order of the court directing the transfer of the child as made violated the constitutional rights of the defendant, and (4) that Act No. 100, supra, is unconstitutional and void.

In Seagroves v. State, 279 Ala. 621, 189 So.2d 137, this court, in harmony with prior decisions, held:

"First, the court must decide whether the child is a delinquent child. If the state fail to prove by competent evidence that defendant is delinquent, then the case would appear to be at an end.

"Second, the court must decide, after thorough investigation or exercise of its disciplinary measures, whether the child can be made to lead a correct life and can be properly disciplined under the provisions of Chapter 7, Title 13. If the state fail to prove by competent evidence that the child cannot be made to lead a correct life and cannot be properly disciplined as aforesaid, then the court can-

not so find and a decree ordering transfer to a court other than a juvenile court is erroneous."

In determining the incorrigibility vel non of appellant, we hold that the trial court was authorized to consider the evidence touching the commission of the crimes. This evidence was admissible in determining both issues, namely, delinquency of the minor and his incorrigibility vel non. When so considered, there was ample evidence to support the trial court on both issues. Guenther v. State, 279 Ala. 596, 188 So.2d 594. On rehearing in Guenther, supra, the court overruled Stapler v. State, 273 Ala. 358, 141 So.2d 181, and Duck v. State, 278 Ala. 138, 176 So.2d 497, in so far as they were in conflict with Guenther, supra.

The findings and order of the trial court did not specifically find that appellant was delinquent. We think the finding of the trial court that appellant-defendant was incorrigible necessarily included a finding of delinquency. Had the court determined the absence of delinquency, there would have been no need to pass on the issue of incorrigibility. The latter issue, unfavorable to the minor, presupposes that the minor was a delinquent. There was no necessity for a specific finding to that effect.

We do not find in the record where a ruling of the trial court was invoked on any constitutional issue. We will not consider on appeal any constitutional questions not raised below. Smith v. State, 280 Ala. 241, 192 So.2d 443. See also cited case: State Docks Commission v. State ex rel. Cummings, 227 Ala. 414, 150 So. 345. We therefore pretermit review of assignments of error relating to these issues.

The trial court, which is the Family Relations Division of the Circuit Court, in its order specifically held that it was not to the best interest of the public to retain jurisdiction. Act No. 100, General Acts of 1967, which is amendatory of Act No. 250,

supra, authorizes the transfer of the case as here ordered. The constitutionality of Act No. 100, supra, was not challenged in the trial court, and is not here the subject of review on that issue. Smith v. State, supra.

The testimony in this case was heard orally before the trial court. This court, under such circumstances, has followed a long time policy of not disturbing the trial court's conclusions on the facts unless the decision is palpably wrong. Guenther v. State, supra; Meares v. Meares, 256 Ala. 596, 56 So.2d 661; Meadows v. Hulsey, 246 Ala. 261, 20 So.2d 526.

In Meares v. Meares, supra, we said:

"As stated in the Sneed [v. Sneed] case, supra [248 Ala. 88, 26 So.2d 561], 'The personal contact of the trial court with the litigants and the witnesses gives the trial court an opportunity for personal observation which we do not have, and which accounts for the presumption we accord to its decrees. * * *'"

As we observed in Guenther v. State, supra, the judge below had the accused before him, he observed his demeanor, and had an opportunity to evaluate his physical and mental maturity. He thereupon determined that the appellant was not correctable through the juvenile court, and that he should stand trial as an adult. We cannot say that the finding was contrary to the great weight of the evidence or that it was palpably wrong.

We, therefore, affirm the decision of the court below and order that appellant stand trial as an adult for the charged crime.

The foregoing opinion was prepared by BOWEN W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD, MADDOX, and SOMERVILLE, JJ., concur.