534 So.2d 324 (1986)
Vickie Delores BROWN
v.
STATE.
5 Div. 126.
Court of Criminal Appeals of Alabama.
August 12, 1986.
On Return to Remand September 20, 1988.
*325 Willard Pienezza, Tallassee, for appellant.
Charles A. Graddick, Atty. Gen., and Beatrice E. Oliver, Asst. Atty. Gen., for appellee.
BOWEN, Presiding Judge.
In the Juvenile Court of Macon County, seventeen-year-old Vickie Delores Brown admitted the allegations of a petition charging murder. She was adjudicated a delinquent and committed to the custody of the Alabama Department of Youth Services. Brown appealed the adjudication to the circuit court which transferred the appeal to this Court.
Brown argues that she had a right to appeal to the circuit court for a trial de novo with the right to a jury. We disagree.
The relevant facts are that, on January 14, 1986, Brown pled guilty to a petition charging her with murder and the State withdrew its motion to transfer her to the circuit court for criminal prosecution as an adult. She was adjudicated delinquent and committed to the care, custody and control of the Alabama Department of Youth Services and ordered to "remain at that facility for at least two (2) years for punishment and rehabilitation for the charge of murder."
On January 17th, notice of appeal was filed in the circuit court.
On February 13, 1986, the State filed a "motion to dismiss appeal" alleging that Brown, by pleading guilty had admitted "all of the legal and factual allegations in the petition" and "is deprived of any support or basis upon which to appeal."
*326 On April 3, 1986, the circuit court transferred the case to the Court of Criminal Appeals:
"[T]he Court, on its own motion, finds that this Court is not the proper appellate court for this appeal. Reviewing the file, it appears that the Defendant appeared in Juvenile Court ... and entered a plea of guilty. The record concerning proceedings in the Juvenile Court are entirely adequate for an appeal, and there is no reason for a trial de novo in this case. Accordingly, it is ordered that this case be transferred immediately to the Court of Criminal Appeals of the State of Alabama pursuant to Rule 28(A) of the Rules of Juvenile Procedure."
The circuit court refused to suspend the order of the juvenile court committing Brown to the Department of Youth Services and refused to release her on bond pending appeal.
Rule 28, A.R.J.P., provides in pertinent part:
"(A) Direct Appeal to Appellate Courts.
"(1) Appeals from final orders, judgments or decrees of the juvenile court shall be to the appropriate appellate court, subject to the Alabama Rules of Appellate Procedure, if:
"(a) A record certified as adequate by the juvenile court judge or a stipulation of facts is available and the right to a jury trial has been exercised or waived by all parties entitled thereto; or
"(b) The parties stipulate that only questions of law are involved and the juvenile court certifies the questions.
"(2) If the appeal provided in this subsection is taken from a final order, judgment or decree in a case or proceeding arising out of the jurisdiction of the juvenile court over a child, as such term is defined in Section 12-15-1(3), Code of Alabama 1975, the appropriate appellate court for purposes of the appeal shall be (a) the Court of Criminal Appeals in proceedings in which a child is adjudicated delinquent and proceedings in which a motion seeking an order to transfer a child to the adult court for criminal prosecution is either granted or denied, and (b) the Court of Civil Appeals in any other case or proceeding.
"(B) Appeal to Circuit Court. Appeals from final orders, judgments or decrees in all other cases, including those cases in which there is not an adequate record as provided in subsection (A) of this rule, shall be to the circuit court for trial de novo and the case shall be heard by a different circuit judge if heard by a circuit judge in the first instance in the juvenile court."
The facts of this case indicate that this case was transferred to this Court under the provisions of Rule 28(D), because the circuit judge considered that this court is the "appropriate appellate court" under Rule 28(A)(1)(a) and (A)(2). Rule 28(A)(1)(a) provides that a case may be appealed from a juvenile court to an appellate court where (1) there is an adequate record or stipulation of facts, and (2) "the right to a jury trial has been exercised or waived by all parties entitled thereto."

I
Brown had no right to a jury in the juvenile court or in the circuit court. The commentary to Rule 28 states that "nothing in the languate of subsection (A) should be construed as conferring the right to a jury trial upon any party in a juvenile court proceeding, including a child, who is not otherwise entitled to such right."
In the juvenile court, the juvenile has no right to a trial by jury. "[A] juvenile court may, in its discretion, grant a juvenile's motion for a jury trial in a delinquency proceeding under Chapter 7 of Title 13, Code of Alabama, 1940, even though such person enjoys no constitutional or statutory right to demand a jury trial." Ex parte State ex rel. Simpson, 288 Ala. 535, 537, 263 So.2d 137 (1972). Chapter 7 of Title 13 of the Alabama Code of 1940 was concerned with juvenile courts. That chapter was expressly repealed by 1975 Ala. Acts 2384, No. 1205, § 5-153 (October 10, 1975), and replaced by § 12-15-1 et seq., Alabama Code 1975. "Notwithstanding a few early cases to the contrary, it is now *327 almost universally held that in the absence of a statute which provides for a jury trial in juvenile court delinquency proceedings, the individual charged with being a delinquent has no right, under the pertinent state or the federal constitution, to demand that the issue of his delinquency be determined by a jury." Annot., 100 A.L.R.2d 1242-43 (1965), citing Ex parte State ex rel. Echols, 245 Ala. 353, 17 So.2d 449 (1944); Prince v. State, 19 Ala.App. 495, 98 So. 320 (1923).
The Alabama Rules of Juvenile Procedure govern the procedure for all matters in the juvenile court. Rule 1, A.R.J.P. Rule 25(A) provides, "The conduct of the hearing shall be consistent with legal and due process requirements and shall proceed generally in a manner similar to the trial of a civil action before the court sitting without a jury, except that the child may not be compelled to be a witness." (Emphasis added.) Section 12-15-65(a) provides that "[h]earings under this chapter shall be conducted by the court without a jury."
A trial de novo in the circuit court on appeal from the juvenile court does not invest the juvenile with any statutory or constitutional right to demand a jury trial because the issues before the circuit court are the same as those in the juvenile court.
"The issues properly before the Equity Court in an appeal de novo from the Juvenile Court obviously are the same issues which were before the Juvenile Court. The very word de novo itself means anew, afresh, trying anew the matters involved in the original hearing as if they had not been heard before and as if no decision had been previously entered. Ballentine's Law Dictionary, 3rd Ed." Rudolph v. State, 286 Ala. 189, 190, 238 So.2d 542 (1970) (construing Title 13, Chapter 7, Ala. Code 1940).

II
Since Brown had no right to a jury trial, the only question remaining under Rule 28(A)(1)(a) in determining the appellate process is whether there was a "record certified as adequate by the juvenile court judge or a stipulation of facts." In this case, there is neither.
While the circuit court judge reviewed "the file" and determined that the "record concerning proceedings in the Juvenile Court are entirely adequate for an appeal," the juvenile court judge has not certified any record as adequate. The record before this Court contains no transcript of the hearing at which Brown's guilty plea was accepted. Since the circuit court judge was not present when Brown admitted the allegations of the petition, he cannot determine whether or not the record of those proceedings is adequate.
An appeal from a juvenile court order adjudging a child to be delinquent or transferring the child to the adult court for criminal prosecution is to the Court of Criminal Appeals and not to the circuit court if there is a proper record, Rule 28(A)(1)(a), or if there is a certified stipulation that only questions of law are involved, Rule 28(A)(1)(b). See Wright v. Montgomery County Department of Pensions and Security, 423 So.2d 256, 257 (Ala.Civ.App.1982). If the record in the juvenile court cannot be certified as adequate by the juvenile court judge, or if there is no certified stipulation that only questions of law are involved, the appeal is to the circuit court. Rule 28(B).
Therefore, this cause is remanded to the circuit court for it to remand to the Juvenile Court of Macon County for a determination of whether the juvenile court judge can certify the record as adequate or to certify any stipulation of the parties that only questions of law are involved. Upon proper certification of either the record or the stipulation, that certification shall be transmitted to this Court and the appeal shall proceed in this Court. Rule 28(A). If the juvenile court judge cannot make such a proper certification of either the record or a stipulation, the appeal shall proceed in the circuit court pursuant to Rule 28(B).
REMANDED WITH DIRECTIONS.
All Judges concur.

*328 ON RETURN TO REMAND
BOWEN, Presiding Judge.
On remand, the circuit court dismissed this case at Brown's request. The court found "that the Defendant has served the full amount of time which was initially ordered in this matter in custody and has been released and ... her age is such that Defendant is no longer due to be treated as juvenile."
This appeal is dismissed.
OPINION EXTENDED; APPEAL DISMISSED.
All Judges concur.