ON APPLICATION FOR REHEARING FOLLOWING RETURN TO REMAND

COBB, Judge.
This appeal arises from Guenther’s challenge to his 1967 robbery conviction, which he has attacked by way. of a Rule 32; Ala. R.Crim.P., petition filed in 1995.
On February 9, 1996, we remanded this cause to the Circuit Court of Montgomery County, with instructions that that court make specific findings of fact with regard to Guenther’s claim that the circuit court did not have jurisdiction to try him as an adult. The trial court conducted a hearing on remand and entered an order finding that the transfer order pursuant to which Guenther’s ease was transferred to circuit court was insufficient to transfer jurisdiction. The circuit court determined that Guenther’s robbery conviction was void and set it aside. On September 27,1996, this court, by an unpublished memorandum, dismissed Guenther’s appeal, in accordance with the findings and order of the Circuit Court of Montgomery County.
On rehearing, we have determined that the circuit court’s original dismissal of Guen-ther’s Rule 32 petition was proper.
In 1962, Guenther was indicted for the robbery of Thomas C. Capell. He was sentenced to 25 years’ imprisonment. Because Guenther was 17 years old at the time of the robbery, proceedings were held in the Circuit Court of Montgomery County, Domestic Relations Division, juvenile section, to determine whether the case should be transferred to the Court of Common Pleas where Guen-ther would be tried as an adult. Guenther was represented by counsel, and a hearing was held. On November 1, 1962, the court entered an order transferring the case, and *486 Guenther then appealed the transfer decision to the Alabama Supreme Court. Guenther’s transfer was affirmed by that court. Guenther v. State, 279 Ala. 596, 188 So.2d 594 (1965), extended on denial of reh’g (1966).
Guenther was tried by a Montgomery County jury which, on May 29,1967, convicted him of robbery. The Alabama Supreme Court affirmed the conviction and the 25-year sentence. Guenther v. State, 282 Ala. 620, 213 So.2d 679 (1968). Guenther escaped from prison in 1968; he was not returned to Alabama until 1990.
On July 14,1995, Guenther filed a Rule 32, A.R.Crim.P., petition in the Circuit Court of Montgomery County. The circuit court dismissed the petition on its own motion, holding that it was barred by the limitations period in the rule. On original submission, we affirmed the circuit court’s ruling as to all but one of Guenther’s claims, and we remanded the cause for that court to make findings of fact on Guenther’s claim that he had been improperly transferred from juvenile court. On remand, the Circuit Court of Montgomery County found that the 1962 transfer order was defective and ordered that the conviction be set aside. On return to remand, we dismissed the appeal because the circuit court granted Guenther the relief he requested in his Rule 32 petition.
We note at the outset that our February 9, 1996, remand order vested the circuit court with authority only to hold an evidentiary hearing and make findings of fact, not to void the conviction. Moreover, we now hold that the Circuit Court of Montgomery had reached the correct result originally, when it dismissed Guenther’s Rule 32 petition.
As we held on original submission, all other claims in the petition are barred by the limitations period. Rule 32.2(e), Ala. R.Crim.P. The claim regarding the transfer from juvenile court is also barred from review under Rule 32.2(a)(4), Ala.R.Crim.P., which provides that a petitioner will not be given relief based upon any ground raised or addressed on appeal. Guenther appealed the transfer order to the Alabama Supreme Court, which reviewed the issue “whether or not the juvenile court judge made a thorough investigation and made a finding supported by proof that Carl Francis Guenther could not be made to lead a correct life and could not be properly disciplined under the provisions of the juvenile statute.” That court affirmed the transfer order and ordered that Guenther stand trial as an adult. Guenther, 279 Ala. 596, 188 So.2d 594. Because the transfer issue was raised and addressed on appeal, that issue was also precluded from further review in post-conviction proceedings. On remand from this court, the circuit court essentially “revisited” and set aside the 1962 transfer order, that had been reviewed and upheld by the Alabama Supreme Court in 1966; this, the circuit court court could not do.
For the foregoing reasons, we hold that the Circuit Court of Montgomery County ruled correctly when it first considered and dismissed Guenther’s Rule 32 petition. However, that court erred on remand when it determined that the transfer claim was not precluded. Therefore, we reverse the circuit court’s judgment issued on remand, and hold that all of Guenther’s Rule 32 claims, including the claim regarding his transfer from juvenile court, are precluded from review and that Guenther is entitled to no relief.
MEMORANDUM OF SEPTEMBER 27, 1996, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING GRANTED; REVERSED AND REMANDED ON RETURN TO REMAND.
All the Judges concur.