189 So.2d 137

**Audie Lee SEAGROVES, a child of the age of fifteen**

v.

**STATE of Alabama.**

8 Div. 215.

Supreme Court of Alabama.

July 14, 1966.

Jas. M. White, Huntsville, for appellant.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., for the State.

COLEMAN, Justice.

A minor, over the age of fourteen years, appeals from a decree of the Family Court Division of the Circuit Court of Madison County transferring the prosecution of the minor for a criminal offense to the circuit court of that county, there to be proceeded against according to law as if the minor were over the age of eighteen years.

Act No. 207, approved September 15, 1961, Acts of Alabama 1961, Vol. II, page 2185, appears to be the authority under which this Family Court Division is established. Section 12 of the act abolishes the juvenile court in counties to which the act applies, and Section 2 of the act declares that the family court division and judge thereof shall have "original and exclusive jurisdiction over juveniles . . . . for the enforcement of Chapter 7, Title 13, Code of Alabama . . . ." Section 8 of the act provides that "Appeals from the decisions and orders of the judge of the family court division . . . . shall lie directly to the Supreme Court of Alabama . . . . in the same manner as appeals from the orders and decisions of other circuit judges. of the State of Alabama."

The proceeding was commenced by an affidavit, filed in the family court division, charging that the appellant is a delinquent child in that he did kill and rape Ethel Marie Putman.

The judge appointed a member of the local bar to represent the defendant. A hearing was had for the purpose of determining whether defendant "can be corrected as a juvenile, or should he be declared incorrigible and transferred to the adult division . . . . to be tried as an adult for whatever crime or crimes he may have committed."

Counsel for defendant moved the court "to use its discretion to try this hearing for the purpose of having a mental examination" of defendant under § 358, Title 13, Code 1940. The court overruled the motion.

After the hearing, the court found that defendant cannot be made to lead a correct life and cannot be properly disciplined under the provisions of Chapter 7, Title 13, Code 1940, and ordered that defendant be transferred to the circuit court, there to be proceeded against as if over the age of eighteen years.

Defendant asserts that the decree ordering the transfer is in error and is due to be reversed for three reasons.

### First.

Defendant contends that the burden of proof is on the state to prove that defendant

cannot be made to lead a correct life and cannot be properly disciplined under the provisions of Chapter 7, Title 13, and that the state failed to sustain this burden of proof.

■ We agree that the state does have the burden of proof as defendant contends; Stapler v. State, 273 Ala. 358, 141 So.2d 181; Duck v. State, 278 Ala. 138, 176 So.2d 497; but we do not agree that the state has failed to present competent evidence to support the burden.

■ On trial of the issue whether the prosecution of a child, more than fourteen years of age, shall be transferred to a court other than a juvenile court, two questions are presented.

First, the court must decide whether the child is a delinquent child. If the state fail to prove by competent evidence that defendant is delinquent, then the case would appear to be at an end.

Second, the court must decide, after thorough investigation or exercise of its disciplinary measures, whether the child can be made to lead a correct life and can be properly disciplined under the provisions of Chapter 7, Title 13. If the state fail to prove by competent evidence that the child cannot be made to lead a correct life and cannot be properly disciplined as aforesaid, then the court cannot so find and a decree ordering transfer to a court other than a juvenile court is erroneous.

As to what evidence is required to sustain this burden of proof, see Guenther v. State, ante p. 596, 188 So.2d 594, decided May 27, 1965, rehearing denied July 14, 1966.

We look for evidence relevant to the first question, to wit: Is the minor a delinquent?

The state proved that on August 5, 1964, the body of a young woman was found on or near a dirt road in Madison County,

that the body bore six or more bullet wounds, and that death was caused by hemorrhage resulting from the wounds, principally·the bullet wound to the heart. It can scarcely be contended that the evidence is not sufficient to support a finding that an unlawful homicide had been committed.

The next inquiry is: Was it proved that defendant committed the homicide? The evidence here is that defendant confessed that he did it and pointed out to the officers the place where a pistol was found and that it was the pistol which fired at least two of the bullets taken from the body. If the evidence to prove the confessions is admissible, then there is evidence to show that defendant did commit the homicide.

We have viewed the evidence relating to the confessions in the light of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, June 13, 1966; and Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, June 20, 1966.

■ There is no evidence that, prior to confessing, defendant asked to see a lawyer or anyone else, and we are of opinion that the evidence does not show that defendant was denied the right to consult with counsel so that his confessions would not be admissible under *Escobedo*.

■ It may be that the confessions are not admissible under *Miranda*, but this we are not now called upon to decide because the instant trial or hearing began prior to the date of decision in *Miranda*, which is June 13, 1966; and, *Miranda* applies only to cases in which the trial began after the date of decision in *Miranda*.

Testing the confessions by the rules which governed prior to *Miranda*, we think the confessions, oral and written, were shown to be voluntary, and that evidence proving the confessions was admissible.

It follows then that we are of opinion that the competent evidence is sufficient to support a finding that defendant did commit the homicide, and, therefore is a delinquent child under Chapter 7, Title 13.

The second question is whether the evidence is sufficient to support a finding that defendant cannot be made to lead a correct life and cannot be properly disciplined under the provisions of Chapter 7, Title 13.

The evidence shows that in the same trial court, on July 1, 1964, about one month prior to the offense in the instant case, defendant was adjudged delinquent for taking a car. Defendant was placed on probation until September 30, 1964.

The evidence shows that the trial court had had prior experience with defendant, that corrective measures under Chapter 7, Title 13, had been tried, and that defendant had committed a second delinquent act. Under these circumstances, we are not persuaded that the trial court is in error in finding that defendant cannot be made to lead a correct life and cannot be properly disciplined under Chapter 7, Title 13. We hold that the state sustained the burden of offering competent evidence to support this finding. We think it unnecessary to discuss evidence favorable to defendant.

*Second.*

Defendant contends that the court erred in overruling defendant's motion for a mental examination under § 358, Title 13, Code 1940, which recites that:

"The juvenile court in its discretion may, either before or after hearing, cause any child within its jurisdiction to be given a physical or mental examination, or both, by a competent physician . . . ." etc.

In the evidence, we find that defendant had failed a couple of grades in school, "on variety of moving and changing schools, and losing time," but there is no evidence of any mental deficiency or abnormality, other than the crime charged, and we do not think the court abused its discretion in overruling the motion for mental examination.

*Third.*

Defendant contends that the court erred in overruling defendant's objection to testimony which showed that defendant had made the oral and written confessions.

Defendant's argument finds support in *Miranda*, but we have already sought to show why we do not apply, in the instant case, the new rules promulgated in *Miranda*, and why we hold that the court did not err in admitting proof of the confessions.

Affirmed.

All the Justices concur.