226 So.2d 630

**Lloyd Keith HALL**

v.

**STATE of Alabama.**

**1 Div. 264.**

Supreme Court of Alabama.

Sept. 11, 1969.

Austill, Austill & Austill, and Thos. M. Haas, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

LIVINGSTON, Chief Justice.

Lloyd Keith Hall was indicted by the Grand Jury of Mobile County, Alabama, for the crime of rape, tried, convicted, and sentenced to life imprisonment in the penitentiary. He appealed.

Due to the error committed in the certification of Hall, a fourteen year-old child, to the Circuit Court for trial, the case must be reversed.

The entire record with reference to these proceedings, i. e., to certify Hall to the circuit court for trial, is found in a supplemental transcript at pages 1 and 2. In substance, the transcript reveals that a "delinquent petition" was filed against Hall and, inter alia, prayed for a warrant for his arrest. Even though the petition alleges, in the alternative, the commission of some twelve acts which might amount to acts of delinquency, the only positive portion of the entire affidavit for a warrant for Hall's arrest is that affiant "is a reputable person and a resident of Mobile County, Alabama, and that he has probable cause for believing, and does believe that, Lloyd Keith Hall * * * has violated the following laws of the State of Alabama, City of Mobile, to wit, rape * * * against the peace and dignity of the State of Alabama * * *." The record affirmatively reflects that the warrant prayed for in the affidavit was not issued. The affidavit is dated 28th February, 1964, and on 28th February, 1964, an order was entered in the Juvenile Court of Mobile County, Alabama, in the matter of Lloyd Keith Hall, No. 13034, by the ex officio judge of that court. The order recites:

"It appearing to the Court after thorough investigation that Lloyd Keith Hall, white male, age fourteen years, charged with rape, is an escapee of the Alabama Boys Industrial School at Birmingham, Alabama and cannot be made to lead a correct life or disciplined under the provisions of the Juvenile Court statutes of this State, it is therefore Ordered, Adjudged and Decreed by the Court that under the terms of Section 364, Title 13, 1940 Code of Alabama, said minor is hereby transferred to the Circuit Court of Mobile, Alabama, there to be tried according to law."

The record is otherwise silent as to whether Hall was afforded rights defined in Sec. 364, Title 13, supra. The record is further silent as to the basis for the finding of fact that Hall is an escapee of the Alabama Boys Industrial School. The order of certification and transfer make no mention whatsoever of a hearing.

The statute relating to the certification and transfer of juveniles under sixteen years of age to the circuit court for trial as adults is found in Title 13, Section 364, Code 1940, Recompiled in 1958. The history of the Alabama statute, as well as the principal authority dictating reversal in this case, is found in Stapler v. State, 273 Ala. 358, 141 So.2d 181 (1962). Even though two bases of transfer are incorporated into our statutory scheme, only one is material to this appeal, i. e., the "thorough investigation" aspect of the statute. See Stapler, supra.

The law with reference to the issues presented and the burden of proof is clearly set out in Seagroves v. State, 279 Ala. 621, 189 So.2d 137, 139 (1966):

"(2) On trial of the issue whether the prosecution of a child, more than fourteen years of age, shall be transferred to a court other than a juvenile court, two questions are presented.

"First, the court must decide whether the child is a delinquent child. If the state fail to prove by competent evidence that defendant is delinquent, then the case would appear to be at an end.

"Second, the court must decide, after thorough investigation or exercise of its disciplinary measures, whether the child can be made to lead a correct life and can

be properly disciplined under the provisions of Chapter 7, Title 13. *If the state fail to prove by competent evidence that the child cannot be made to lead a correct life and cannot be properly disciplined as aforesaid, then the court cannot so find and a decree ordering transfer to a court other than a juvenile court is erroneous.*" (Emphasis supplied.)

As to what evidence is required to sustain the burden of proof as set out in *Seagroves, supra*, see Guenther v. State, 279 Ala. 596, 188 So.2d 594 (1966).

While in some cases an issue may be presented as to the sufficiency of the evidence to support a finding of the juvenile judge on which he based his transfer e.g., *Stapler, supra*, no such issue is presented in this case. In the instant case, the record is absolutely silent as to any competent evidence before the juvenile judge on which he based his finding of incorrigibility. And this is, of course, assuming that the affidavit previously referred to is a sufficient basis to support a finding of delinquency. See the quote from *Seagroves* set out above.

With the record absolutely silent as to any competent evidence having been before the juvenile court, this case is directly analagous to Duck v. State, 278 Ala. 138, 176 So.2d 497, 500 (1965):

"(6) In order to transfer the cause to the circuit court at law, there must have been legal evidence sufficient to support a finding that the minor 'cannot be made to lead a correct life and cannot be properly disciplined under the provisions' of Chapter 7, Tit. 13, § 350 et seq., providing for juvenile courts. We find no such evidence in the record before us. 'A finding, which requires evidence to support it, but which is not supported by evidence, cannot be allowed to stand.' Stapler v. State, supra.

"Reversed and remanded."

Furthermore, it is not constitutionally permissible to presume the safeguarding of basic rights, such as those here presented

from a silent record. Cf Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

Reversed and remanded.

SIMPSON, COLEMAN and BLOODWORTH, JJ., concur.