283 So.2d 671

**Elkin CLARKE, alias**

v.

**STATE.**

**5 Div. 156.**

Court of Criminal Appeals of Alabama.

Sept. 28, 1973.

Rehearing Denied Dec. 11, 1973.

Certiorari Denied Jan. 24, 1974.

See 289 So.2d 808.

No brief for appellant.

William J. Baxley, Atty. Gen. and Don C. Dickert, Asst. Atty. Gen., for the State, appellee.

Clellon Baeder, Auburn, amicus curiae.

LEIGH M. CLARK, Supernumerary Circuit Judge.

Appellant was convicted of rape and sentenced to sixty years imprisonment. Though appellant was sixteen years of age at the time of trial, he was only fifteen years of age at the time he was taken into custody by the authorities.

The prosecutrix was walking along Drake Avenue in Auburn on May 19, 1971, shortly after 9:00 p. m. when she was attacked from the rear, dragged into densely foliated terrain, subsequently subdued, and subjected to involuntary sexual intercourse with three persons; a fourth person unsuccessfully attempted to achieve penetration. A medical expert testified that he examined the prosecutrix shortly after midnight following the occurrence. The findings of his professional examination corroborate the details of the incident as revealed by the prosecutrix. Lack of illumination precluded prosecutrix from identifying the culpable parties.

The merits of the appeal include, *inter alia,* the propriety, *vel non,* of admitting appellant's signed confession into evidence. Appellant filed a pre-trial motion to suppress this confession and in support thereof, introduced testimony tending to negate its voluntariness. Auburn Police Lt. Frank deGraffenreid testified that appellant was apprehended about 12:30 p. m., May 22, 1971, taken into custody, advised that he was suspected of rape, apprised of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and interrogated for less than an hour. At about 6:00 p. m. on the same afternoon, the police officers reached appellant's mother by telephone; whereupon, the officers transported the mother to the Auburn Police Station to accompany her son during a second interrogation which followed another duly administered *Miranda* warning and which lasted less than one hour. During each of these first two interrogations, the appellant denied any involvement in the aforementioned rape.

Testimony on the pre-trial hearing showed that appellant was taken into custody pursuant to an oral order of the Lee County Juvenile Court and that he was detained at the Auburn City Jail some forty-six hours pursuant to said order and upon the request of appellant's mother. At 10:35 a. m. on May 24, 1971, the appellant responded to a third interrogation with

confessory statements which were transcribed and rephrased by the Auburn police officers and subsequently signed by the appellant. After the conclusion of this interrogation, a formal juvenile petition was executed and appellant was ordered by the juvenile court to be removed to Lee County Jail. On July 23, 1971, the juvenile court pursuant to Tit. 13, § 364, Code of Alabama 1940, recompiled 1958, transferred jurisdiction over appellant to the Circuit Court for trial.

Appellant further bolstered his motion to suppress with his own testimony that he did not comprehend the meaning of the transcribed statement which was read to him by the police officers and that he was unable to read the statement himself. There was additional testimony introduced by defendant which tended to show his deficiency in verbal achievement. Appellant testified that he could not read; that his mother read his letters to him; and that he had no idea of the contents of the written confession which he signed. Appellant's mother testified that appellant "can't hardly read anything;" that appellant was placed in a special reading class in Brooklyn, New York; and that she often read newspaper articles to appellant.

We subscribe to the general proposition that the confession of a minor is not *ipso facto* inadmissible; however, infancy is certainly a relevant factor bearing upon the voluntariness, *vel non,* of a confession. 23 C.J.S. Criminal Law § 829; 87 A.L.R.2d 624; Burton v. State, 107 Ala. 108, 18 So. 284. The better rule appears to equate the capacity required for a valid confession with that prerequisite to criminal responsibility. We conclude from *Burton,* supra, that generally a person whose age and mental faculties make him amenable to criminal sanctions is *sui juris* in matters relating to confessions and inculpatory admissions.

The statutory provisions of Chapter 7, Title 13, Code of Alabama 1940 (Recomp. 1958) create an exception to this general rule. Section 377 provides:

"Confessions and admissions of children.—The voluntary admissions or confessions of any dependent, neglected or delinquent child, as described herein, or of the parent or parents of such child, made to the probation officer, or any other person, in reference to any cause or matter in such court, if otherwise competent, shall be received in such court as legal evidence; and the written or verbal report of facts or conditions, in reference to any child, or in reference to such child's manner of life, or condition, or environment which show, or tend to show, the social condition or status of such child, made by a probation officer of said court after an investigation in pursuance of any rule or order of court, shall be received in evidence in such court, in such case as prima facie evidence of such facts or conditions, and may be used by any party in interest, in such case. No disposition of the case of a child dealt with for delinquency under this chapter nor any admission or confession of such child or of such parent, or parents, to the probation officer, or court; nor any report of a probation officer, made or given in pursuance of any rule or order of such courts; nor any statement by any parent, or parents, of such child, in such proceeding, shall be given or heard in any civil, criminal, or other cause or proceeding whatever, or in any other court, be lawful or proper evidence against such child or parent, or parents, for any purpose; but such matters may be received and heard in subsequent proceedings in such cause in said juvenile court."

The record shows that the learned trial judge carefully considered the motion to suppress the confession of defendant and the insistence of counsel for defendant that the same should not be admitted into evidence and, in overruling the motion to suppress, cited Stapler v. State, 273 Ala. 358, 141 So.2d 181, as well as Section 377, Title 13, Code of Alabama. Certainly, if we thought that the Supreme Court of Alabama in *Stapler,* or in Duck v. State, 278

Ala. 138, 176 So.2d 497, or in Seagroves v. State, 279 Ala. 621, 189 So.2d 137, as supplemented by Guenther v. State, 279 Ala. 596, 188 So.2d 594, and Steele v. State, 289 Ala. 186, 266 So.2d 746, has held to the effect that the confession of defendant was admissible on the trial of this case, we would execute an about-face and proceed in the direction opposite to the one in which we are now heading. *Stapler* was an appeal from a judgment of the circuit court, in equity, on an appeal from a judgment of the juvenile court transferring a case against an alleged juvenile delinquent from the juvenile court to the circuit court. It was held in *Stapler* that, as the purported confessions of the minor were not shown to have been voluntarily made, they were inadmissible in evidence and that, in the absence of them as evidence, there was no evidence left to support the judgment of the circuit court, which required a reversal. If it is thought by anyone that the effect of the conclusion reached in *Stapler* is that the Supreme Court would have held voluntary confessions of the juvenile involved admissible on a trial in circuit court as to the guilt or innocence of the defendant, we fail to agree. The first sentence of Section 377, Title 13, Code of Alabama 1940, makes voluntary confessions and admissions of involved juveniles admissible in proceedings in juvenile courts. Although the judgment appealed from in *Stapler* was a judgment rendered on a trial *de novo*, the issues in the circuit court were the same as the issues in the juvenile court. A crucial issue in both courts was whether the minor "cannot be made to lead a correct life and cannot be properly disciplined." There is good reason to say that the rule of evidence should be the same in each court as to the identical issue, that is, that the rules of evidence should be neither more nor less favorable to defendant in one court than in the other if and when the issues are the same in each court. In this light, we understand the statement in *Stapler* that "Thus it appears that the 'voluntary' confessions of the minor in the instant case

would be admissible against him if the confessions be otherwise competent." as referable, and referable only, to the question of their admissibility in the circuit court in connection with the judicial determination of whether the case should have been transferred from the juvenile court to the circuit court.

■ Appellant remained within the exclusive jurisdiction of the juvenile court from the time he, a fifteen year old, was taken into custody until he was decreed amenable to the jurisdiction of the circuit court. It was uncontroverted that the interrogation proceeding, whereupon appellant confessed to the rape, was attended by Mr. Eugene Jones, a "juvenile officer" of Lee County Juvenile Court. Appellant was taken into custody and detained pursuant to juvenile court orders. Appellant, clearly, was due the privileges and immunities afforded delinquent children under Chapter 7. One such immunity, that provided in § 377, renders any admission or confession of appellant to the *probation officer,* or *court* inadmissible *in any civil, criminal, or other cause or proceeding whatever, or in any other court.* We find no substantive difficulty with the fact that Jones bore the title of "juvenile officer" rather than "probation officer." The record indicates that Jones' functions were those contemplated of a "probation officer" under § 377; he is authoritatively referred as "juvenile officer of the Juvenile Court of Lee County, Alabama" and as "the juvenile officer" of that court. The record also shows that "a thorough investigation was conducted and submitted to the Court" by him, which evidently constituted the investigation and report of a probation officer required by § 377.

Even if it could be logically contended that the purported confession was made to Lt. deGraffenried as the chief recipient of it, the undisputed fact is that it was also made at the same time to Mr. Jones, the juvenile officer of the Juvenile Court of Lee County, Alabama, as expressly shown

**226**

by the following language of the statement, "I am making a voluntary statement to Lt. deGraffenried, Sgt. Murphy, Gene Jones."

It is clear that at the time of the confession the duties of Lt. deGraffenried and Mr. Jones as to defendant were coordinative and that the activities of both as to defendant were subordinative to the authority of the juvenile court. We are persuaded that to hold the purported confession admissible in evidence under all the circumstances presented here would be in contravention of both the letter and the spirit of the last sentence of Tit. 13, § 377, Code of Alabama, supra. Inasmuch as appellant's confession was improperly admitted, the judgment of conviction is reversed and the cause remanded for new trial.

The foregoing opinion was prepared by Honorable LEIGH M. CLARK, Supernumerary Circuit Judge, serving as a judge of this Court under § 2, Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of this Court.

Reversed and remanded.

CATES, P. J., and ALMON and TYSON, JJ., concur.

HARRIS and DeCARLO, JJ., dissent.